The opinion of the court was delivered by
Watkins, J.
Plaintiff claims five thousand dollars damages of the defendant for and on account of certain painful, lasting and irreparable injuries which he received at the hands of its employees, agents and vice principals, through their want of skill, negligence and gross carelessness in the management, direction and operation of one of its freight trains upon which he was employed and under the *1326 employment and by the direction of whom he was working at the-time it occurred.
The defendant’s answer was a special denial of each and every allegation contained in the plaintiff’s petition; and on the trial there was a judgment in favor of the defendant, rejecting the demands of the plaintiff — the case having been tried by the judge — and from that judgment the latter has appealed.
In substance the demand of the plaintiff is grounded upon the following statement of facts, viz. :
That on or about the 8th of August, 1896, he was in the employ of the defendant as a day laborer, and had been for some time, and while so employed and under the direction and control of its agents and officers who were superior in command, and while on one of its freight trains, same was derailed and wrecked, and he was thrown violently from one of its cars which was loaded with cross-ties, the cross-ties being thrown with great violence to the ground; and that he received lasting and painful injuries thereby, his arm having been broken, and he having received various other serious injuries internally and externally, many of which are permanent and lasting, on account of which he will be unable and utterly incapacitated to perform his daily avocation — giving full details and particulars.
That the car on which he was at the time so employed was thrown from the track by one or more pieces of wood or timber falling, or-being carelessly dropped by the employees of the defendant, from the engine tender, wood rack, or bin, or other place of storing, or carry - ing wood, or timber on said train; or by some of the attachments thereto which caught under the wheels of said train of cars, and derailed or threw it off of the track — be being injured by the fall and being struck by falling timbers and cross-ties.
That said wreck was caused by the defendant’s neglect to provide proper and safe apartments or places for storing or carrying wood or timber; and the failure on the part of those operating and in charge of said train to have said wood or timber properly loaded or stored; and from the careless and negligent handling of said wood or timber by the employees or servants of the defendant — said wood or timber having fallen from the place where it was stored or piled, and same having been carelessly and negligently handled by the defendant’s servants and employees while the train was in motion.-
That it was no part of his duty to superintend the loading or stor *1327 ing of said wood or timbers, “ and that said loss was caused by no-negligence or fault of his, but wholly by the negligence and fault of the defendant company, its servants and employees in charge of the-train; or for want of necessary appliances for the safety of the employees of said company.”
The evidence shows that the train of ears on which the plaintiff was employed at the time of the accident was a work train whichi was loaded with cross-ties; and was at the time oi the accident in', charge of the company’s superintendent or conductor, who'stated that it was caused by a piece of wood which fell from the wood box.
That Austin Wade and John Wilson were with him at the time of the accident; and that all three were sitting on the cross-ties on the rear car and did nothing to cause the accident or to contribute to its. happening, and had no opportunity of preventing its occurrence.
But it is shown by the plaintiff’s admissions that the wood which was', taken on the car the evening before the accident for the use of the-engineer in operating the train was thrown on the car by Austin.' Wade, John Wilson, himself and others — all of the train crew, in. fact, assisting.
It seems from the general trend of the testimony that the accident was caused by a piece or stick of the firewood falling off the bin im front of the forward car, derailing the one in the rear which was; loaded with cross-ties on which the plaintiff and his associates were-seated, and causing the cross-ties to fall off, and in falling to inflict-an injury upon them as above related; but the testimony leaves in doubt the cause of the fall of the piece of firewood which immediately occasioned the derailing of the car.
The train was, at the time of the occurrence, moving at a fairly rapid speed, and the accident seemed to have been a surprise to every one on the train.
Per contra the engineer who was in charge of the train says he was on the train on the evening that the firewood was loaded on, and on the next morning when the accident occurred, and that housed this wood in the operation of the train in the evening and in the morning; and his statement is that he had no knowledge of any wood having fallen off — that he did not see any piece of wood fall off. He says that an examination was made of the locus in quo after the accident, and that it ascertained that nothing was torn up, and that no spikes were missing. That the only thing visible which. *1328 •could have caused bhe accident ‘‘was a small chunk of wood laying in the middle of the track ” — a two-foot piece of pine wood of the same kind that he was at the time using on the engine for firewood.
Upon being interrogated as bo the capacity of that piece of pine wood to wreck a train, he said “ that would depend altogether on what kind of shape it caught a pair of trucks, for they may be on ■one car lower than on another. The trucks on one car may pass over the stick and on another they would not do it.”
He states that he has no recollection of having seen a stick of wood on the track that morning. That the wood was pitched on the train on this occasion as it is usually done. That it would be not at all likely for a fireman to drop a piece of wood in taking it from the bin and putting it in the fire — “ it would have to be an awful awkward movement for a man to do that.”
The superintendent says that the cross-ties were put on carefully, and after the car was loaded he directed the plaintiff to drive down stakes at the side of the car as an additional protection against their .falling off; and that all the stakes were tightened before the train was started.
All the testimony is of the same tenor, and it fails altogether to place the responsibility or blame upon the defendant for the derailing of the train; notwithstanding it is evident that it was bhe small stick of firewood which was found in the middle of the track about one hundred yards from the place of the accident which caused it. The break in the continuity of the testimony is in the manner in which the stick occasioned the derailing of the train, and by whose fault it was placed in position to produce the same.
As the case was left by the witnesses, it seems clear that the piece ■of wood was the proximate cause of the accident; but without showing directly that the stick of wood was on the track through.the fault •of the defendant, its servants or agents, the company is not connected with the proximate cause so as to make it responsible.
This case is completely covered by the opinion of this court in Mire vs. East Louisiana Railroad Company, 42 An. 385, the syllabus of which is as follows, viz.:
“The proof disclosing that plaintiff, while acting in the capacity ■of fireman on a railroad locomotive, was injured by a fall occasioned by the derailing of the engine, tender, etc., and that the accident was caused by the car wheels coming into contact with a loose plank *1329 resting on one of the rails of the railroad track. Held: that the-plaintiff, in order to recover of the master, must show that the accident was caused by the direct and immediate act of its servants.”
In that case the plaintiff’s demands were rejected, and for a like-reason those of the plaintiff must likewise be disallowed.
Judgment affirmed.
Nicholls, C. J., absent; ill.